**Marie Casper by Mathew Casper, Defendant in Error, v. Andrew Geck and Emil Geck, Plaintiffs in Error.**

### Gen. No. 18,659. (Not to be reported in full.)

Error to the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed April 1, 1914.

### Statement of the Case.

Action by Marie Casper, a minor, by Mathew Casper, her next friend, against Andrew Geck and Emil

Geck. The case has heretofore been disposed of on appeal in *Casper v. Geck*, 185 Ill. App. 155.

Pending the appeal the defendants filed a motion to have the bill of exceptions amended *nunc pro tunc* after the bill had been signed by the trial judge. To reverse an order refusing to enter a *nunc pro tunc* order for the amendment, defendants bring error. A motion to consolidate this case with the case appealed from was denied.

The amendment sought to be made by plaintiff's in error was the certifying by the trial judge of six affidavits made on their behalf in support of a motion for a new trial in the court below as a part of the bill of exceptions. The affidavits set forth certain alleged misconduct of the jurors who tried the case in the court below.

GEORGE E. GORMAN, THOMAS J. PEDEN and R. C. MERRICK, for plaintiffs in error.

CHASE R. RANKIN, for defendant in error.

MR. JUSTICE DUNCAN delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 936*—*sufficiency of evidence for amendment of record.* Where an order of court amending any record is resisted it cannot be legally made upon parol evidence, but only upon sufficient evidence appearing by some memorandum, minute or note of the judge, or something appearing in the record or files of the court to show the facts in respect of which the amendment is sought to be made. No record can be made or determined from the memory of witnesses or the personal recollections of the judge himself.

2. APPEAL AND ERROR, § 1318*—*when order denying amendment of bill of exceptions presumed supported by the evidence.* Where a party seeks to question the correctness of an order of the trial court in allowing or denying a motion to amend a bill of exceptions, he must show by a bill of exceptions the evidence upon which the

court acted. In the absence of such showing it will be presumed that the court's order was supported by the evidence.

3. APPEAL AND ERROR, § 936*—*when record does not show error of court in refusing to amend bill of exceptions.* Refusal of trial court to enter a *nunc pro tunc* order for the amendment of a bill of exceptions by having certain affidavits made on behalf of plaintiffs in error in support of their motion for a new trial made a part thereof, *held* not error where there were no minutes of the trial judge introduced in evidence and incorporated in the record and no proper evidence in the record that the affidavits were ever read to the court or presented to him for consideration on the motion for a new trial or otherwise, although there was a recital in the record "that it appeared to the court from an examination of his minutes" that the said affidavits were read to the court during the argument of the motion for a new trial, but such recitals being insufficient as not being a recital of the evidentiary facts.